All right, our second case for this morning is the John K. MacIver Institute for Public Policy against Francis Schmitz et al. So, Mr. Grime. Thank you. May it please the Court, Eddie Grime on behalf of Plaintiff Appellant MacIver Institute. Over four years ago, millions of sensitive documents were seized from MacIver and over 100 others in a Wisconsin John Doe. The old investigation died soon after the seizures. But these people still don't know or have copies of what was seized, and they can't be sure that more public leaks won't occur. Why don't they file a motion with the Wisconsin Supreme Court, which is really the lead jurisdiction for the sealing order for these documents? Well, there are parties, Your Honor, who did try to file actually first with the John Doe judge. But the John Doe proceeding is shut down. Your Honor, respectfully, there is still a John Doe judge who is in charge of the proceeding, and I think the record shows, if I remember correctly, that the parties here actually tried to go back to the John Doe judge last fall with respect to issues in this case. But my point is actually a fairly simple one. The documents are under seal by order of the Wisconsin Supreme Court. We affirmed recently in the Archer case a very modest addition to that for different federal district court, which was trying to abide by comity and at the same time preserve its ability to adjudicate whatever was before it. We're all hoping against hope that maybe these cases will die down someday, but we'll see. But really, if I can call it that, it seems to me clear that the lead jurisdiction here is the Wisconsin Supreme Court, which has ruled on the John Doe investigations, which has retained copies of the documents. As far as the record shows, there are no copies of the documents in anyone's custody other than the Wisconsin Supreme Court and the Eastern District Court. So it just seems to me you're in the wrong place if what you want to do is see to what extent your client's documents were gathered and whether there was anything compromising. I mean, it's easy enough to understand why you are curious. Well, Your Honor, there are several things to unpack there. And frankly, what I planned to do today was to cover the merits of the SCA claim and then the question of what we would call Ex Parte Young and Rule 41G, which really I think is what your question somewhat addresses. Well, I'm just trying to drill down to a practical level. I know you've expended many, many pages in your brief trying to tell me that a court and a proceeding are the same thing. And I can't say that I find that very persuasive. We have federal district courts in which there are criminal proceedings, in which there are administrative proceedings, in which there are civil proceedings, and that tells you something about the nature of the case. With these Wisconsin John Does, the court is the circuit court of which the John Doe judge is a member. The proceeding isn't a regular civil case or a criminal case. It's this unique Wisconsin John Doe. But to conflate court and proceeding is a strange move. Well, Your Honor, actually, I think there's a different problem here. And maybe I'll start with that and I'll work my way back to your first question. I know there's a lot to discuss. But actually, in this case, the law changed. Chapter 968 changed. The reserve judge, which is all that Judge Kluka was, she was not a judge of a circuit court. She was not a judge of a court of records. Well, you say that, but actually the Wisconsin courts seem to think that recalled judges, just as we have recalled magistrate judges and bankruptcy judges, are, during the term of the recall, fully empowered to participate, in this case, as a member of the circuit court. Well, Your Honor, in this case... That's a question of state law, by the way. We agree. We believe that much of this, these are questions of state law. But here's the thing. Now, reserve judges actually can't be recalled to be on a John Doe. That's been changed in the law. But that doesn't matter for this case. Well, the court actually assumed that and then reasoned backwards. And it used that to decide that Judge Kluka was a member of the circuit court. Actually, if you read three unnamed petitioners, they don't say circuit Judge Kluka. They say reserve Judge Kluka over and over again. Well, I mean, Congress, in the Stored Communications Act, is writing a statute for the United States. They're not writing a statute for Wisconsin, however important Wisconsin may be. So they use general language. A court of general criminal jurisdiction of a state authorized by the law of that state to issue search warrants. You never claimed, as far as I know, that the search warrants were impermissibly issued. Well, Your Honor, I guess that's not the point. That authority exists in the circuit court, the circuit court judge, and a circuit court judge assigned to a John Doe proceeding. But the problem is there are two different requirements that are independent under the Stored Communications Act. One is that you use state warrant procedures. The other one is that you use a court of competent jurisdiction, which is a state court of general criminal jurisdiction. So it's not that simply using the correct warrant procedures wins the day. Both of those elements have to be established under the SCA. And here, our argument, of course, is that this is not a court of general criminal jurisdiction. Well, you're saying that the proceeding is a court. I mean, you keep saying the John Doe proceeding is somehow a court, and the judge is attached to the circuit court. You may think they made a mistake in attaching her, but the Supreme Court or the Chief Justice of Wisconsin and the various Wisconsin procedures that are applicable assigned her to that court. Then we get another John Doe judge, of course. She's only on it for a little while. Your Honor, actually, our argument is not that the court—it's not that the John Doe proceeding is a court. Our argument is that it's not. A John Doe proceeding is just an investigation. No one thinks it is. I mean, it's a red herring. Your opponents don't think that the proceeding is a court. But the thing is, the fact that a John Doe judge oftentimes may also be a judge of a circuit court, of a court of record, under Wisconsin law doesn't matter. In case and after case that we cited, the court distinguishes between a John Doe judge just sitting as a judge and a John Doe judge once the judge convenes as a judge of a circuit court. And there are many things a John Doe judge can't do in a John Doe precisely for that reason. But there are restrictions on what judges can do in all different kinds of proceedings. A judge isn't supposed to grant summary judgment without a motion unless the judge issues a notice to both sides so that they can weigh in on the wisdom of summary judgment. There are restrictions galore for trial court judges. Your Honor, we grant that, obviously. But here, there are things that a John Doe judge does not have jurisdiction to do, such as order the production of documents. A John Doe judge has to... But why is that relevant? You know, she issues the search warrants. It's not a discovery order. It's a search warrant. Here's precisely why it's relevant. Had this been done in a circuit court as it could have been and as it would have been had they followed the GAB statutes, which were open to them, then we would have had a docket. Of course. If this had not been a John Doe proceeding, and it certainly wasn't your decision and it wasn't my decision for the state of Wisconsin to have this somewhat unusual way of approaching things, if it had been a grand jury, you would not have had any notice of what was going on before the grand juries because grand juries operate in secret. The John Doe proceeding in that respect is like a grand jury on steroids, basically, right? Well, somewhat, but it's also lesser than a grand jury because at the end of the day, all that issues is a complaint from the John Doe judge, and then that complaint is still tested yet again in the circuit court. But it's the same thing. So a grand jury does have the power to return an indictment, but that's not a finding of guilt. It's an accusation. Right, but what the John Doe judge reaches at the very end of the day is even less than an indictment. It's not even what a grand jury can reach. So it's really an investigative tool. And here, in fact, the special prosecutor had the authority to decide whether to file charges. So this was even a more unusual form of a John Doe. Mr. Graham, let me ask. It seems to me that the position you're taking is that, in essence, there is this unique loophole for an important term in the Stored Communications Act, which, in essence, says law enforcement can get search warrants and can go seize stored electronic communications all over the country if they use search warrants. And your theory seems to be that, in Wisconsin, there's this one investigative procedure that doesn't fall within that safe harbor. Are there any others around the country? Or do you think Congress just basically was trying to be as general as it could and say, get a search warrant and you can do what you need to do? Your Honor, respectfully, the loophole here is not the plaintiff's theory. It's really what the prosecutors tried to do by getting under a John Doe what they could have gotten appropriately under the GAB. But I would say this. I'm talking about criminal investigations. Right. The fact that there were other civil alternatives available doesn't seem to me relevant. Well, actually, this was a joint proceeding, and so even the GAB was admitted to it. But I want to go to your question, because I think this is an important point. When Congress wrote the SCA, first of all, they didn't just say getting a search warrant is enough. It has to emanate from certain entities. And so on the state side, they had to look across 50 jurisdictions. Understand that. Some states do have unique proceedings. And right offhand, there's Wisconsin. Apparently there's also Michigan, which also calls its proceeding a one-man grand jury. And then there's Kansas, close to where I live, which actually calls it an inquisition. So those are very troubling. That's Kansas. That's typical Kansas for you. But at any rate, I see that I'm into my rebuttal time, and I'd like to reserve the rest of my time. You should answer the judge's question. I'm not sure you answered the question. Okay. Well, let me say this. There are states that have procedures that are questionable under the SCA. Where you have a judge, a neutral, detached magistrate issuing a search warrant. What more do you need? Well, the SCA says you need a court of competent jurisdiction, not just using the proper procedures. There are two requirements. We could read that requirement out of the SCA, but then we're not applying the text of the statute. So what's the point of that? I'm just trying to understand. Sure, sure. And to me, this is the meat of the matter. This is it. So if you have a court, you actually have something of continuing. You have an institution that's there. They have a docket. They might seal things until the execution of the warrant, but at least you have something that then shows up, and somebody can actually go to that court and say, I see you've sealed all these search warrants, and I know that there's a matter going on right now, which happened in Wisconsin. And you could say, I'd like you to unseal the thing, anything in here that mentions my name. Let me see it. If you then see that a search warrant has been served for your e-mail account, then you say, I'd like to move for an inventory. Again, you have standing there to go ask for it. Then you can say, I've looked at the inventory. I think I want to move for return of these documents. Again, you can go to the circuit court. In a John Doe, it's uncertain, even though some people were able to in the last John Doe, it's uncertain that anyone has standing to show up and file any motions there. Oftentimes it's just an ex parte. And so it's unusual situations like Wisconsin that I think the SCA tries to account for by saying, state search warrant procedures, but also court of comment jurisdiction. So you think Congress was intentionally trying to exclude Wisconsin John Doe? Well, I don't have to see that far into their minds. And you also need, I mean, I'm going to ask you to address this on rebuttal. This seems to be clear in your mind, but I'm not sure it's clear on the face of the statute. And so the statute itself actually has a good faith defense as well, which is the second hurdle that I don't want you to get into it now, but you can say something about it on rebuttal. All right. All right. Thank you. Mr. Bertocchi. Good morning. May it please the court, my name is Joel Bertocchi, and I represent the defendants in this case. Judge Wood, I think you are in danger of becoming a John Doe judge at this point. Don't do that to me. I want to just address Mr. Grimes' points in order. He says they don't still have their materials. Well, at this point we don't either. It's in the hands of the federal district court under seal along the lines that happened in the Archer case and the Wisconsin Supreme Court. Did the Western District also keep them under seal? The Western District took the same stuff, but they took it from us, so we don't have it. So there is no injunction you could enter in this case that would get those plaintiffs that would be directed to my clients. The Wisconsin Supreme Court is the place to go for that. Mr. Grimes' argument about the law having changed on reserve judges has no application here because if it changed later, it doesn't matter. Judge Kluka was a reserve judge under Wisconsin law, a circuit court judge having been made one as a reserve judge when she issued the warrant, and that's all that matters. It's also a new argument that was made, I think, for the first time at the podium. I would also note that the Wisconsin Supreme Court in the lengthy Peterson case said that Judge Kluka's appointment was valid, so that kind of ends that matter. I would ask the court to keep in mind particularly State v. Cummings, a Wisconsin Supreme Court case that said, described what it is a John Doe judge, and that's probably a term we should all stop using. A judge assigned to a John Doe proceeding does when she issues a search warrant. She doesn't issue it as a John Doe judge. She issues it as a circuit court judge, which she has to be. So does the top of the page say, you know, in the circuit court for Dane County or something like that? You know, I've never seen the warrant, so I don't know because my clients can't show it to me. But I suspect that it does. But Cummings makes clear. I mean, ordinarily, you would expect to see something like that at the top of the page of the warrant. It would look like, yeah. I mean, I've seen a lot of search warrants, and they usually have a caption at the top that lists the courts that is issuing it. But even if it didn't, Cummings makes clear that when a circuit judge presiding over a John Doe case issues a search warrant, she does so as a circuit judge, and she exercises her fundamental jurisdiction to do so as a circuit court judge, not as some sort of special judge. As you pointed out, in federal courts, judges preside over all kinds of things, and there's nothing that would have prevented Judge Kluka from issuing that search warrant in connection with a John Doe case that she was presiding over in the morning, and if she was so assigned, probating in a state in the afternoon. She was a circuit court judge. Mr. Grime makes reference to – Just for my information, were the terms of her assignment limited to the John Doe proceeding? Well, I think the way it worked, she was – not really. She was recalled and assigned to the circuit court. The only thing that was assigned to her once she was recalled was the John Doe proceeding. So she was not recalled and told to be a John Doe judge. But by whatever mechanisms the circuit court assigns things, it could have assigned something else. And I think they do that because some of these John Does take a lot of time, and existing judges have busy dockets. But again, even if she had been, the statute says you have to be a circuit court judge to preside over a John Doe proceeding. So even if the Chief Justice – And that was changed at some point long before this case, right? Didn't it used to be – It used to be. You used to be able to be court commissioners or municipal court judges. All kinds of people could do it. But I think it was in 1969 that they changed that. Mr. Grime talks about a docket, and he talks about – they seem, and in their briefs, they seem to be arguing that somehow or other they should have been able to challenge the warrant before it was issued. I've been working with search warrants since I started off clerking for a magistrate judge in 1983 up in Milwaukee, and ever since as a prosecutor, as a defense lawyer. That doesn't happen. A search warrant is most often – and I can say this as a prosecutor – most often chosen to avoid giving people notice that you're coming. And you're allowed to do that. There is no – As opposed to civil discovery. Well, civil discovery. I've only learned to appreciate in the last few years of my career. Not very much. There is nothing that compels a prosecutor to decide, well, I could get this by search warrant, but I'm going to use a subpoena. I'm going to use a request for production of documents. Search warrants are something you can do, and they are decided, essentially, issued ex parte. After they're issued, there are a number of things you can do to try to find out what was seized, if it's used against you. Or if you're aware of the seizure, you can get an inventory, and that exists in federal law and also under Wisconsin law. But I have never heard of a search warrant where you can come in and say, I'm getting a search warrant, and they go to the judge and say, don't issue the warrant, and they can contest that. I would also point out the plaintiff makes a big deal in their brief about all the secrecy supposedly taking this out of the reach of the SCA. But again, all warrants are like that. And the warrant here was not simply secret because it was a John Doe proceeding. There is a Wisconsin statute, 968.375 sub 10, that says, and it's not long, a warrant issued under this section shall be issued with all practicable secrecy. Judge Kluge was acting as a circuit judge, and she issued that warrant under that statute. The John Doe secrecy order may also have applied, but even if they had gone to the circuit court, assuming it was a different place, which it wasn't, they would have ended up in the same proceeding. So this is John Doe 2 we're talking about, right? Yes. Is it over? As far as we know, Your Honor, I am not aware, and I don't think my clients are aware of any activity related to it, except there is a designing judge. So the Wisconsin Supreme Court shut it down. They shut it down. They said there's nothing wrong with these campaign finance arrangements. Obviously, law from the Supreme Court had been evolving over the years, but it's hanging on to these documents, and these two district courts, I guess, while these cases are getting wrapped up, if the cases are ever over, I assume the district courts will just destroy them or send them to the Wisconsin Supreme Court. I assume that's true, Your Honor. I have wondered whether new lawsuits might still be filed that would cause problems of the sort that we talked about in Archer, but I think given what the Wisconsin Supreme Court did in Peterson, it would be hard to make a proceeding much more over than it was over when you tell everybody they have to destroy the documents first and later turn them in and shut the whole thing down. It's about as over as over can be. Would there be any reason, Mr. Bertocchi, from your client's perspective, why the plaintiffs should not be allowed to inspect what's in the custody of the district court? I've never asked them that question, but I can't imagine that they would be. Again, we don't have it anymore, so I can't imagine that we would object to that. Perhaps if there are changes in the next day or two. Yeah, a couple of them are here, so no, I can't imagine that there would be. If there is, we'll let you know, but again, we can't make that happen. My clients haven't been able to show it to me. No, but we presumably have the power to issue orders to the clerks of the district courts. I've met some of them anyway. Your Honor, that's all I have. You don't want to say anything about good faith? Well, Your Honor, it's all there. I mean, if the question is close, good faith and qualified immunity would both apply. But there's a statutory good faith defense, so there's an argument that once Congress has provided for that type of defense, you don't lard on top of it the common law doctrines of immunity. Well, I think it's available. There's no disqualification in the statute that provides for that, and they're not exactly identical. The good faith defense actually goes further in terms of what it covers, because qualified immunity wouldn't address the injunctive claim. But I think clearly Judge Kluka looked like somebody who could issue a search warrant, and at that point, in the absence of any case that says so, and as we know, some of us better than others, in the area of John Doe, there aren't a lot of cases that specify what you can and can't do, then you have either good faith or qualified immunity. Okay. And we would ask that the ruling be affirmed. Thank you. Thank you very much. Mr. Grime. Your Honor, I would like to address good faith, but there are a couple other things I'd like to try to clean up quickly. First of all, Cummings does not say that search warrants are issued by someone as a circuit court judge. In fact, it says the opposite. It says that search warrants are issued due to the inherent powers of a judge, not sitting as a circuit court. Another important point I want to get to here, I think maybe this is where the entire thing could head, depending on what the court decides, is the question that the district court judge actually has all the documents, all the papers that we are suing about. Those are now in the possession of the district court. And so we filed a motion under 41G for return of those. I know that it's an underlying state proceeding, but now we have the federal government actually has the records. But let me ask you how that motion should be understood in light of the orders from the Wisconsin Supreme Court about the identical documents. It seems unseemly to me for the district court in the face of the Wisconsin Supreme Court's order, and of course you'll remember the facts in Archer where the person was concerned that there were unfavorable defamatory comments about her, that there were all sorts of things that were undesirable. So it's not a neutral act to just say to the Wisconsin Supreme Court, even though you've decided these things have to be under seal, we, the federal district court, are going to post them all on the Internet. Well, wait, Your Honor, that's not what we're asking for. We're asking for the people whose emails were seized to receive back a copy of what was seized from them. But the Wisconsin Supreme Court has sealed those documents. So how does the federal district court, without disrespecting the Wisconsin Supreme Court's order, release them even to the people whose emails we're talking about? Well, Your Honor, the SCA ultimately provides a cause of action for injunctive relief. And so 41G is also viewed as an equitable claim. And at the end of the day, Your Honor, the Wisconsin Supreme Court has never expressed a concern about letting people whose things were seized actually receive them back. To your knowledge, has it returned any such things to anyone? To my knowledge, it has not. And I think I would probably know, but not through this representation. Okay. But I would say this. To turn to the good-faith reliance, obviously we've argued, but I see that I'm out of time. I'll let you finish your thought on that. Okay. Well, I think our simple point here is that there can't be good-faith reliance following McCready, because here these are the people that designed the warrant, sought the warrant, and themselves in other contexts were worried about what a reserve judge who is sitting as a John Doe judge can actually do and what orders she could actually enter. Okay. Well, thank you very much. Thanks to both counsel. We'll take the case under advisement. Joe? Joe? No. Thank you. Thank you.